IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KENNETH W. CLARK,

                Plaintiff,

      vs.

JIM PILLEN, Gov.; TERRY WAGNER, ERICK MILLER, and THOMAS ZIMMERMAN, Judge;

              Defendants.

**8:24CV367**

**MEMORANDUM AND ORDER**

Plaintiff Kenneth W. Clark ("Clark"), a non-prisoner, filed a Motion for Leave to Proceed in Forma Pauperis. Filing No. 2. Upon review of Clark's Motion, the Court finds that he is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Clark's Complaint, Filing No. 1, to determine whether summary dismissal of this matter is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Clark, who is currently committed to the Lincoln Regional Center, brings his Complaint both as a *Bivens* claim and under 28 U.S.C. § 1983. Filing No. 1 at 3. The subject matter of this case arises from Clark's allegations of violations of "due process protection of law and property" against Nebraska Governor Jim Pillen, Lancaster County Sheriff Terry Wagner, Lancaster County Attorney Erick Miller, and Lancaster County Judge Thomas Zimmerman. *Id*. at 2–3.

Clark's Complaint, submitted on a pro se form Complaint for Violation of Civil Rights (Prisoner), is largely unintelligible. The totality of Clark's "Statement of Claim"

consists of the following narrative regarding events alleged to have occurred on September 8, 2023 in District Court of Lancaster County Case No. CI23-1874:

> They let wrongful claim 30-810 sue me over 5 time of statut limitation or federal obey court order contemp 25-2121 CI23-1874 jeopardy double 29-1817 and tripple double[.]
> . . . .
> Wrongful claim 30-810 fraud false 28-907 28-928 theft and trespass false imprisonment statute law rule and codes let fraud false claim sue me 5 time[.]

*Id.* at 4–5 (spelling as in original). In a supplement filed on October 4, 2024, Clark submitted a copy of a September 8, 2023, order in CI23-1874, in which the Lancaster County District Court quieted title to certain real property in favor of the plaintiff, Estate of Willie Lomack, Jr., by and through the personal representative, Lisa Lomack, and denied and forever barred Clark's adverse claim to the property. Filing No. 10.

Clark seeks $5 million in damages and "all of they estate" for the following alleged injuries: "disability act violat wrongful claim 30-810 fraud false 28-907 theft and trespass 28-928 79-956 of flags military law probate fraud Jeopardy double 29-1817 and tripple double jeopardy no search warrant or propere cause cr23-13698."[1] Filing No. 1 at 5 (spelling as in original). A review of Nebraska state court records for "cr23-13698" shows that Clark is currently facing criminal charges in Lancaster County Court Case No. CR23-13698 (the "Criminal Case") and was committed to the Lincoln Regional Center for restoration of competency.[2] As indicated in a supplement filed by

---

[1] The Court notes that Clark submitted several letters and supplements essentially restating the Complaint's incomprehensible string citations of legal terms and, what the Court assumes are, Nebraska statutory provisions. *See* Filing Nos. 6, 7, 8, 9, & 14.

[2] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Kenneth W. Clark*, Case No. CR23-13698, County Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and

Plaintiff, Defendant Judge Zimmerman granted the State's motion to authorize involuntary administration of antipsychotic medication on August 19, 2024, in the Criminal Case. Filing No. 11.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation

public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Clark's Complaint fails to meet this minimal pleading standard.

Even when liberally construed, Clark's Complaint offers nothing more than a mere string citation to various statutory provisions with no discernible relevance to the parties involved or any factual allegations indicating how such provisions may have been violated or why Clark may be entitled to relief under such provisions. Clark's conclusory allegations regarding fraud, theft, and a "wrongful claim" also fail to satisfy federal pleading standards to state a claim for relief. "Although pro se pleadings are to

be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914 (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)). Clark's Complaint falls far short of these pleading standards.

Additionally, though Clark names Governor Pillen, Sheriff Wagner, and County Attorney Erick Miller as Defendants in this matter, he makes no allegations against any of them in the body of his Complaint. He does not allege any facts suggesting that any of them had any personal involvement whatsoever in any of the alleged wrongful conduct referenced in the Complaint. As a result, Clark has failed to state a claim upon which relief can be granted against any of these Defendants. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against

defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

Assuming that some of Clark's claims relate to the Lancaster County District Court's decision in Case No. CI23-1874 denying Clark's claim to certain real property, the Court is precluded from granting Clark any relief from that decision under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state

6

court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Thus, to the extent Clark seeks relief from the Lancaster County District Court's allegedly "wrongful" decision in CI23-1874, the *Rooker-Feldman* doctrine prohibits the Court from granting such relief.

Finally, to the extent that Clark complains of actions taken by Judge Zimmerman in the course of the Criminal Case while he had jurisdiction over Clark, he is absolutely immune from suit here. *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.")).

## IV.  OTHER PENDING MOTION

Clark filed a "Motion to Return Property" on October 10, 2024, which, like his Complaint, is incomprehensible and merely recites some of the same conclusory legal terms and statutory citations. Filing No. 13. As the Court cannot discern what relief Clark seeks in filing this motion, the motion is denied.

## V.  CONCLUSION

Upon review, the Court finds Clark's Complaint is largely unintelligible, fails to comply with Federal civil rules of pleading, and fails to state a claim for relief against any named defendant. Accordingly, the Court will dismiss this matter without prejudice

7

pursuant to 28 U.S.C. § 1915(e)(2) and without leave to amend as the Court concludes amendment would be futile given Clark's history of filing actions in this Court that fail to comply with Federal pleading rules.  *See, e.g.*, *Clark v. Lancaster Ct. of Nebraska*, No. 4:23CV3057, 2023 WL 7041961, at *2 (D. Neb. Oct. 26, 2023) (dismissing case without prejudice after giving Clark an opportunity to amend where amended complaint failed to state a claim and "wholly ignored the Initial Review, providing no additional facts upon which to support his claims"); *Clark v. Wells Fargo Bank*, No. 4:23CV3060, 2023 WL 7041962, at *2 (D. Neb. Oct. 26, 2023) (same).

IT IS THEREFORE ORDERED that:

1.     Clark's Motion to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2.     This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

3.     A separate judgment will be entered.

4.     Clark's Motion to Return Property, Filing No. 13, is denied.


Dated this 17th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge